Nandansons shall inform the Court by letter filed on ECF by January 26, 2024, whether it consents to transfer of the motion to compel to the United States District Court for the Central District of California pursuant to Federal Rule of Civil Procedure 45(f).

Date: January 19, 2024

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In the Matter of Subpoena Issued to Third-Party/Defendant Nandansons International, Inc. in Action Pending in the United States District Court for the Central District of California entitled<br><br>ABERCROMBIE & FITCH TRADING, CO., an Ohio Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BEAUTY ENCOUNTER, INC., a California Corporation; A.A. IRIE PERFUME, INC., a Florida Corporation; HAZ INTERNATIONAL, INC., a Delaware Corporation; L.A. FRAGRANCES, INC., a California Corporation; NANDANSONS INTERNATIONAL, INC., a New York Corporation; PM TRADING CORP, a California Corporation; PRESTIGE BEAUTY GROUP, LLC, a New Jersey limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Misc Case No. 1:24-mc-0009<br><br>Pending in Central District of California, Case No. 8:23-cv-00496-WLH-ADSx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES AND DOCUMENTS IN RESPONSE TO SUBPOENA AGAINST NANDANSONS INTERNATIONAL, INC.** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

This Motion to Compel concerns defendant Nandansons International, Inc.'s ("Nandansons") failure to produce documents in response to the Subpoena issued by plaintiff Abercrombie & Fitch Trading, Co. ("Plaintiff" or "Abercrombie")

1

before naming Nandansons as a defendant. In this trademark infringement and counterfeiting matter, Plaintiff asserts that Nandansons, as well as other defendants, manufactured, distributed, offered for sale, and/or sold the "Accused Products" – fragrance products that imitate legitimate Abercrombie FIERCE cologne as shown below:

 

After making several investigative purchases of the Accused Products from Los Angeles based defendant Beauty Encounter Inc. ("Beauty Encounter") and confirmed they were all counterfeit, Plaintiff filed suit against the retailer for trademark infringement. During discovery Beauty Encounter identified several entities who supplied it with the Accused Products, including Nandansons. Prior to adding Nandansons as a defendant, Plaintiff issued a Subpoena for the Production of Documents to Nandansons, which is the subject of the instant Motion.

The Requests at issue (Nos. 1-4, 6, 8-11) all pertain to documents and communications surrounding Nandansons' purchase and supply of the Accused Products, and are narrowly tailored to Plaintiff's trademark infringement and counterfeiting claims. In response to most of these Requests, Nandansons merely asserts boilerplate objections. The only documents Nandansons has provided in

response to the Subpoena are unsubstantiated chart summaries that identify limited purchase and sale information.  The fact that Nandansons is willfully suppressing documents is evidenced by discovery obtained from some of Nandansons' customers and suppliers.  For instance, one of Nandansons' customers produced invoices, purchase orders, and emails with Nandansons concerning the Accused Product.  Notably, Nandansons has failed and/or otherwise refused to produce *any* documents, other than summaries prepared for litigation, in response to the Subpoena.

Further, in producing these charts, Nandansons unilaterally limits the scope to 2020-2023 without any reasonable explanation for doing so.  The pertinent time period is concealed by Nandansons; Plaintiff is entitled to understand how long and to whom Nandansons was selling the Accused Products to (or purchasing the Accused Products from) in order to determine the nature and extent of the infringement.  Accordingly, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to compel Nandansons' further responses and documents.

## II. STATEMENT OF RELEVANT FACTS

On March 20, 2023, Plaintiff filed its initial Complaint against Beauty Encounter in the Central District of California.  Through discovery, Plaintiff learned that Beauty Encounter purchased the Accused Products from several suppliers, including Nandansons. Blakely Decl. ¶ 2.

On August 18, 2023, Plaintiff issued a Subpoena to Produce Documents to Prestige, who was served with the same on August 21, 2023. Blakely Decl. ¶ 3, Exhs. A, B.  The Subpoena requested Nandansons to comply at Plaintiff's counsel's New York office, 247 Water Street, Unit 1, New York, New York 10038, which is within 100 miles of Nandansons, located at 55 Mayfield Avenue, Edison, New Jersey 08837. *Id.*; Fed. R. Civ. Proc. 45(c).

On or about August 23, 2023, Nandansons provided its responses and a single PDF file containing a summary chart of its purchase and sale history from 2022-2023. Blakely Decl. ¶ 4, Exh. C.

On October 2, 2023, Plaintiff filed its First Amended Complaint adding Nandansons (and others) as a defendant. Blakely Decl. ¶ 5, Exh. D.

On November 13, 2023, Plaintiff began meeting and conferring with Nandansons on the issues raised within this Motion by serving Nandansons with a letter in accordance with the Central District of California's Local Rules. Blakely Decl. ¶ 6; Exh. E.  After exchanging several emails as to Nandansons' unilaterally and improperly limiting the scope of the Subpoena, on December 11, 2023, the Parties held a teleconference to further discuss the issues raised herein. Blakely Decl., ¶ 7, Exh. F.

The Parties exchanged further emails regarding the Subpoena issues where Plaintiff continued to request documents responsive to the Subpoena on December 11, 2023. Blakely Decl. ¶ 8, Exh. G.  As of December 11, 2023, Nandansons was put on notice that if it did not provide Plaintiff with the requested documents by December 15, 2023, that it would move to compel. *Id.*  On December 14, 2023, Nandansons only produced another purchase and sales summary covering the 2020-2021 time period. Blakely Decl. ¶ 9.

Nandansons failed to produce any additional documents responsive to the Subpoena despite Plaintiff's request for the same, with Nandansons' only reason (albeit an incorrect one) being that Plaintiff would not be able to enforce the Subpoena. Blakely Decl. ¶¶ 10, 11; Exh. H.  To date, Nandansons has not produced any additional documents responsive to the Subpoena. Blakely Decl., ¶ 11.

As discussed above, as evidenced by discovery obtained by one of

4

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

Nandansons' suppliers and one or two of its customers, in the form of invoices, purchase orders, and some emails, it is clear that additional documents exist and that Nandansons is willfully suppressing the same. Blakely Decl., ¶ 12.

### III. LEGAL STANDARD

Under Federal Rule Civil Procedure 45(d)(2)(B)(i), a motion to enforce compliance with a Subpoena must be brought in "the court for the district where compliance is required for an order compelling production." The Subpoena was issued to Nandansons, who is located within 100 miles of Plaintiff's counsel's New York office in Manhattan; thus this Motion place for compliance is in the Southern District of New York. *See* Fed. R. Civ. P. 45(c)(2)(A) ("A subpoena may command production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person"); Blakely Decl., Exh. A.

### IV. FURTHER RESPONSES AND DOCUMENTS ARE WARRANTED

Plaintiff requests further responses and/or documents to Request Nos. 1-4, 6, 8-11. Nandansons asserted objections to each of these Requests, including failing to provide *any* documents in response to most of these Requests. *See Aleman v. Riverside Cnty. Sheriff's Dep't*, 2023 U.S. Dist. LEXIS 211857 at *10 (C.D. Cal. Oct. 4, 2023) (if an objection is made to a subpoena the party may move for an order compelling production); Fed. R. Civ. Proc. 45(d)(2)(B)(i); Blakely Decl. ¶¶ 10-11, Exh. C.

#### A. Nandansons' General Objections are Improper

As a preliminary matter, Nandansons' general objections are improper as a responding party "must" be specific when making an objection to a document demand. Fed. R. Civ. P. 34(b)(2)(C); *Thomas v. Hickman*, 2007 U.S. Dist. LEXIS 95796 at *18 (E.D. Cal. Dec. 5, 2007) ("Objections to a subpoena must be made

with sufficient specificity in accordance with Fed.R.Civ.P. 34"). Nandansons' blanket reference to *13* different boilerplate objections without identifying how each applies to each discovery request is not specific by any definition of the word.

Further, general objections are improper and disfavored by courts. *See Rg Abrams Ins. v. Law Offices of C.R. Abrams*, 2021 U.S. Dist. LEXIS 213227 at *10-11 (C.D. Cal. July 14, 2021); *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005); *CBF Industria De Gusa S/A v. AMCI, Holdings*, 2019 U.S. Dist. LEXIS 124326 at *30-31 (S.D.N.Y. July 15, 2019) (ordering defendants to withdraw their general objections for failure to explain how each applies to each request and noting that general objections are "inappropriate and unpersuasive") (citations omitted). Therefore, Plaintiff requests that the Court strike Nandansons' general objections.

**B.**     **Nos. 1, 2**

Request Nos. 1 and 2 seek communications documents, i.e., emails, letters, text messages, etc. between Nandansons and Beauty Encounter relating to Abercrombie and the Accused Products. Blakely Decl., Exh. A.

In response to each Request, Nandansons asserts the same objections on the grounds that it (1) seeks information readily available from Beauty Encounter; (2) is overly broad and unduly burdensome as to time; and (3) that the documents contain proprietary information. Blakely Decl., Exh. C.  First, courts have held that a responding party is required to produce documents in its possession, custody, or control regardless of whether the requesting party is already in possession of the requested documents. *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996); *see also Fort Washington Resources, Inc. v. Tannen*, 153 F.R.D. 78, 79 (E.D. Pa. 1994) ("[I]t is not a bar to the discovery of relevant material that the same material may be in the possession of the requesting party or obtainable from

Case 1:24-mc-00009-LJL   Document 14   Filed 01/19/24   Page 7 of 14

another source"); *Mike v. Dymon, Inc.*, 1996 U.S. Dist. LEXIS 17329 at *6-8 (D. Kan. 1996) ("That a party has not obtained to its satisfaction discovery from its opponent or a non-party is not grounds for objection").

Practically, Nandansons and Beauty Encounter may have different methods of storing records, different record retention policies, and differing levels of ease of access to the documents requested. Thus Nandansons may have documents in its possession, custody, or control that Beauty Encounter doesn't, and vice versa. This is a balancing test considered by the Court as it goes to the issue of whether it would be burdensome for the non-party to produce such information, which brings us to the second objection. *See Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409-410 (C.D. Cal. 2014) ("[w]hether a subpoena imposes an undue burden on a particular witness is a 'case specific inquiry.'") (citations omitted).

However, Nandansons has failed to explain any burden associated with producing the requested communications documents despite Nandansons' burden to do so. *Cervantes v. Cemex, Inc.,* 2014 U.S. Dist. LEXIS 115652 at *9 (E.D. Cal. Aug. 18, 2014) (defendant has the burden of clarifying, explaining, and supporting its objections); *see also Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2014 U.S. Dist. LEXIS 166962 at *10 (N.D. Cal. Dec. 2, 2014) (ordering responding party to produce ESI documents because it failed to articulate why its search for the responsive documents would be burdensome).

In fact, to alleviate any claimed burden, Plaintiff already provided Nandansons with a set of search terms to assist with its production. Blakely Decl., Exh. F.  It is not clear whether that search was ever performed or what the results of that search were – Nandansons' *counsel* simply represented that there are no email documents without confirming that a diligent search was performed or

speaking to any associated burden. Blakely Decl. ¶ 10, Exh. H; *see Morning Star, LLC v. Canter,* 2023 U.S. Dist. LEXIS 69559 at *10 (C.D. Cal. Apr. 20, 2023) ("[T]hird party discovery is a time-honored device to get at the truth of a claim or defense. A party in litigation is not obligated to take the word of an opponent regarding what relevant documents do or do not exist").

As to the scope of the Request, Nandansons, not Plaintiff, is the one with information concerning how long it sold the Accused Products to Beauty Encounter.  Nandansons must produce email communications between it and Beauty Encounter dating as far back as it started selling the Accused Products to Beauty Encounter, which appears to only be since December 2022 based on the limited information provided by Nandansons regarding its sales.  If this is the extent of the parties' relationship, then searching through one year's worth of emails is not a heavy burden nor has Nandansons explained why it is.

Lastly, Nandansons has failed to explain why these emails are proprietary or what exactly it means by "proprietary".  To the extent Nandansons is claiming these emails are confidential, there is already a protective order entered in the California action.

Emails between Beauty Encounter and Nandansons are relevant to Plaintiff's trademark infringement claims, including a finding of willfulness.  For example, there may be emails referring to any claimed authenticity (or lack thereof) in the Accused Products between these parties. *See AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979); *Adobe Sys. v. Cain*, 2008 U.S. Dist. LEXIS 97227 at *11 (N.D. Cal. Oct. 22, 2008) ("willful infringement requires 'knowledge that the defendant's conduct constitutes trademark infringement'") (citations omitted).  But Plaintiff is without facts to understand the circumstances relating to Nandansons' supply of the Accused Products and its knowledge concerning the counterfeit

nature of the goods due to Nandansons' concealment.

### C. No. 3

This Request seeks importation documents relating to the Accused Products. Nandansons objected on the grounds that the information sought was "irrelevant", overly broad and unduly burdensome as to time, and that it was "proprietary closely held information." Blakely Decl., Exhs. A, C.

This Request is relevant to Plaintiff's trademark infringement claims as importation documents may identify further culpable parties and witnesses to the infringement, i.e., Nandansons' manufacturer or supplier of the Accused Products. Any member of the distribution chain can be sued; anyone who manufactures, sells, or distributes an infringing product is liable for trademark infringement. *See* 15 U.S.C. § 1114(a); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 1997 U.S. Dist. LEXIS 10314 at *8-9 (C.D. Cal. Mar. 19, 1997) (any member of the distribution chain can be sued); *North Face Apparel Corp. v. Dahan*, 2014 U.S. Dist. LEXIS 201737 at *17-18 (C.D. Cal. Mar. 14, 2014) ("members of a common distribution chain are jointly and severally liable for trademark infringement"). Evidence that Nandansons imported the Accused Products may also further prove they are counterfeit as Abercrombie does not import authentic Abercrombie & Fitch FIERCE cologne; it keeps a tight manufacturing process which occurs in the United States. Blakely Decl., ¶ 12.

As to the burdensome and proprietary objections, Plaintiff fully incorporates herein by reference its arguments above in Section III(B). Nandansons has failed to explain any associated burden or proprietary nature of this Request, nor can it. As to scope, like with Beauty Encounter, only Nandansons harbors the information relating to how long it has been purchasing or importing the Accused Products. Accordingly, Nandansons must be compelled to produce these documents without

limitation in order for Plaintiff to understand the reach and extent of the infringement.

### D. No. 4

This Request asks for documents relating to Nandansons' supply of the Accused Products to Beauty Encounter. In response, Nandansons objects on the grounds that the Request is overly broad, unduly burdensome, and vague; seeks irrelevant information; and information that is readily available from Beauty Encounter. Blakely Decl., Exhs. A, C. As to the unduly burdensome objection and objection that the information can be obtained elsewhere, see Section III(B) which is fully incorporated herein by reference.

Despite its objections, Nandansons produced a summary of its sales from 2020-2023. Blakely Decl., ¶¶ 4, 9. Although Nandansons did not object on the grounds that the Request was overly broad as to time, Nandansons unilaterally limits the scope of the Request by only producing information from the past three years. This is improper. As discussed above in Section III(B), only Nandansons harbors the information related to its supply of the Accused Products to Beauty Encounter. The appropriate timeframe is the entire timeframe in which it sold the Accused Products to Beauty Encounter, but Nandansons has yet to explain when this relationship first began with respect to the Accused Products in order for Plaintiff to further evaluate whether a limitation as to scope is proper.

Further, documents such as purchase orders, invoices, agreements, contracts, etc. between Beauty Encounter and Nandansons may show evidence of infringement or willfulness, and also shed light on any further damages evidence in terms of profits made by Nandansons' sale of the Accused Products to Beauty Encounter. Therefore, the Request seeks relevant information and Nandansons should be compelled to provide additional documents (to the extent they exist)

outside of the three year timeframe provided.

### E. No. 6

This Request seeks documents and communications between Beauty Encounter and Nandansons including one or more of the terms "Abercrombie", "Abercrombie & Fitch", and "FIERCE". In response, Nandansons asserts that the Request is overly broad, unduly burdensome, and vague; seeks information that is irrelevant; and that the information can be obtained elsewhere. As to the unduly burdensome objection and objection that the information can be obtained elsewhere, see Section III(B) which is fully incorporated herein by reference.

Nandansons' objection that this Request is overly broad is entirely baseless given specific search terms are included within the Request. Further, this information is relevant as it is narrowly tailored to Plaintiff and its Marks at issue. As discussed in Section III(B), perhaps the Parties are discussing the claimed authenticity (or lack thereof) with regard to the Accused Products such that it gives rise to evidence of willfulness. Therefore, Nandansons must be compelled to conduct a diligent search and provide responsive documents.

### F. No. 8

This Request asks for documents "sufficient[ly]" identifying entities who purchased the Accused Products from Nandansons (i.e., wholesale customers rather than individual consumers). In response, Nandansons asserted objections based on the Request being overly broad, unduly burdensome, and vague; and that it seeks irrelevant information. Blakely Decl., Exhs. A, C.

Despite its objections, Nandansons produced a summary of its sales information in an attempt to satisfy this Request. Blakely Decl., ¶¶ 4, 9. This summary does not comply with the Request because the customer information within is abbreviated such that Plaintiff is unable to determine the full name of the

entity as well as its contact information. *Id.*  For example, one customers name appears as "SCEWOR". *Id.*  This was specifically asked for within the definitions of the Subpoena. Blakely Decl., Exh. A ("'IDENTIFY' person(s), for each person identified, provide: (i) the full name, last known address, and telephone number").

In fact, responsive documents would rightfully include purchase orders, invoices, emails, etc. as those documents *would* identify the full name and contact information for the entity.  Documents relating to Nandansons' customers are relevant for the same reasons that the importation documents are relevant – they identify potential defendants and witnesses to the infringement. *See* 15 U.S.C. § 1114(a); *Lockheed Martin,* 1997 U.S. Dist. LEXIS 10314 at *8-9; *North Face Apparel*, 2014 U.S. Dist. LEXIS 201737 at *17-18.

Like with No. 4, Nandansons' unilaterally limited the scope to 2020-2023 without any basis to do so, and Plaintiff thus incorporates by reference herein the arguments set forth as to scope in Section III(D).  Nandansons' similarly fails here to explain any burdensome objection or more importantly, raise any objection as to scope.  For these reasons alone Nandansons should be compelled to provide all customer documents and information relating to the Accused Products in order for Plaintiff to better understand the nature and extent of the infringement.

### G.     Nos. 9-11

These Requests ask for documents and communications relating to Nandansons' suppliers, distributors, and manufacturers of the Accused Products. In response to each Request, Nandansons asserts objections on the grounds that they are overly broad, unduly burdensome, and vague; seek "highly proprietary" information without explaining what this means; and that the information sought is irrelevant. Blakely Decl., Exhs. A, C.  As to the objections relating to burden, relevance, and proprietary, see Sections III(B), (C), which are fully incorporated

herein by reference.

While these Requests are similar yet different in some respects, Nandansons only agreed to produce documents in response to No. 9 which specifically relates to Nandansons' purchase of the Accused Products and persons involved with the same. In response to No. 9, Nandansons produced a summary of purchase information that similarly provide abbreviations for the names of its vendors. Blakely Decl., ¶¶ 4, 9. As discussed in Section III(F), which is fully incorporated herein by reference, such a reference is improper. While Nandansons has provided contact information for two of its suppliers, it has not provided any full names/contact information for any other suppliers. More importantly, it has not produced purchase orders and invoices that would be responsive to this Request so that Plaintiff may substantiate the information generated in the summary.

Again, Nandansons has unilaterally limited the scope to 2020-2023 without any basis to do so. See Section III(F) regarding scope of potential defendants and third party witnesses which is fully incorporated herein by reference.

With respect to Nos. 10 and 11, Nandansons simply objected. With No. 10, Plaintiff seeks documents related to the manufacture of the Accused Products. No. 11 seeks communications related to the source of the Accused Products, i.e., emails, letters, etc. between Nandansons and the manufacturer, supplier, and/or distributor. These communications are discoverable and relevant for the same reasons discussed in Section III(B) and (C). Therefore, Nandansons must be compelled to produce documents and communications relating to the supply, manufacture, and distribution of the Accused Products, including documents that provide identifying information about its suppliers.

## V.  CONCLUSION

For the foregoing reasons, this Court should order Nandansons to provide

further responses and/or documents, without limitation, to Request Nos. 1-4, 6, 8-11.

Dated: January 5, 2024         BLAKELY LAW GROUP

By:   */s/ Brent H. Blakely*_____
Brent H. Blakely (BB1966)
247 Water St., Unit 1
New York, New York 10038
Telephone: 310-546-7400
Email: bblakely@blakelylawgroup.com
***Attorneys for Plaintiff***
***Abercrombie & Fitch Trading Co.***