```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
ABERCROMBIE & FITCH TRADING, CO.,                                 :
                                                                  :
                          Plaintiff,                              :
                                                                  :       24-mc-00009 (LJL)
           -v-                                                    :
                                                                  :       MEMORANDUM AND
BEAUTY ENCOUNTER, INC. et al.,                                    :             ORDER
                                                                  :
                          Defendants.                             :
                                                                  :
------------------------------------------------------------------:
                                                                  X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/26/2024

LEWIS J. LIMAN, United States District Judge:

On January 12, 2024, Plaintiff Abercrombie and Fitch Trading Co. ("Plaintiff") filed a motion to compel against Nandansons International, Inc., ("Nandansons" or "Defendant") to comply with subpoenas filed in the United States District Court for the Central District of California, where *Abercrombie & Fitch Trading, Co. v. Beauty Encounter, Inc.* et al., No. 8:23-cv-00496-WLH-ADSx (the "Underlying Action"), is pending. Dkt. No. 6. For the following reasons, the motion is transferred to the District Court for the Central District of California.

Plaintiff filed the Underlying Action against a different defendant, Beauty Encounter, on March 20, 2023, for alleged trademark infringement for selling fragrance products ("Accused Products") that imitate those of Abercrombie. Dkt. No. 6 at 2–3. Through discovery, Plaintiff learned that Beauty Encounter had purchased the Accused Products from several suppliers, including Nandansons. *Id.* at 3. In August 2023, Plaintiff issued a subpoena for the production of documents. *Id.* at 2–3. Plaintiff then amended its complaint, adding Nandansons and others as defendants in the Underlying Action. *Id.* at 4. The parties disputed the scope of the subpoena. *Id.* According to Plaintiff, Nandansons failed to produce any additional documents responsive to

the subpoena despite Plaintiff's request. *Id.* at 4–5. Plaintiff commenced the instant proceeding on January 12, 2024 by filing a motion to compel Defendant to comply with the subpoena. *See generally id.*

Federal Rule of Civil Procedure 45(a)(2) provides that all subpoenas "must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). But "if a motion to compel is necessary, the motion must be made in 'the court for the district where compliance is required.'" *United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 543 (S.D.N.Y. 2016) (quoting Fed. R. Civ. P. 45(d)(2)(B)(i)). "The district of compliance 'for the production of documents, electronically stored information, or tangible things [is] at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person.'" *Burnett v. Wahlburgers Franchising LLC*, 2018 WL 10466827, at *2 (E.D.N.Y. Oct. 4, 2018) (quoting *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018)).

When the court of compliance did not issue a subpoena, it may transfer a motion to compel compliance with that subpoena "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The Committee Notes to Rule 45 clarify that "the proponent of transfer bears the burden of showing that [exceptional] circumstances are present." Committee Notes to the 2013 Amendment to Fed. R. Civ. P. 45(f). While "it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions," transferring a motion to compel "may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion." *Id.*

The Court concludes that transfer to the Central District of California is appropriate here. First, Defendant consents to the transfer, Dkt. No. 21 at 1, and "consent of the person subject to

the subpoena is sufficient to permit transfer to the issuing court," Committee Notes to the 2013 Amendment to Fed. R. Civ. P. 45(f).  Second, exceptional circumstances warrant a transfer.  Although "familiarity with the case alone is insufficient to constitute exceptional circumstances," *Drummond Co., Inc. v. VICE Media LLC*, 2022 WL 445681, at *2 (S.D.N.Y. Feb. 14, 2022) (Nathan, J.), courts have transferred motions to compel "where the issuing court is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action, where the issuing court has already set out a discovery schedule in the underlying action, and to serve the interests of justice and judicial efficiency," *Hilb Grp. of N.Y., LLC v. Associated Agencies, Inc.*, 2023 WL 5183690, at *1 (S.D.N.Y. Aug. 10, 2023) (quoting *Full Circle United, LLC v. Bay Tek Ent., Inc.*, 581 F. Supp. 3d 523, 525 (S.D.N.Y. 2022)).  Here, the Underlying Action has been ongoing for nearly a year, so the issuing court is "intimately familiar with the history and complex facts of the current litigation." *Drummond Co.*, 2022 WL 445681, at *2.

This action is hereby ORDERED transferred to the United States District Court for the Central District of California, pursuant to Federal Rule of Civil Procedure 45(f).

The Clerk of Court is respectfully directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: January 26, 2024
      New York, New York

_____
                    LEWIS J. LIMAN
                    United States District Judge